IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 OCT 15 P 2: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

KATHERINE WOODBURY,
JAMES And SYLVIA JONES
and MILTON And
MARLENE RAMALHO
    Plaintiffs,

vs.

AMERIQUEST MORTGAGE
COMPANY
    Defendant

CA:

07 CA 11954 NMG

MAGISTRATE JUDGE Alexander

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32 (hereinafter "MCCDA")

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### Facts Pertaining To Plaintiff Katherine Woodbury

4. Plaintiff Katherine Woodbury resides at 7 Eisenhower Drive, Cotuit, MA 02635.

5. On or about January 22, 2004, Plaintiff Woodbury obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Woodbury received or signed the following documents:

    1. A note in the principal amount of $145,000.00;
    2. A mortgage;
    3. A Truth in Lending statement;
    4. A notice of right to cancel, attached as Exhibit 1;
    5. A One Week Cancellation Period form; attached as Exhibit 2; and
    6. A HUD-1 Settlement Statement.

7. On or about September 26, 2007 Plaintiff Woodbury exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

### Facts Pertaining To Plaintiffs James and Sylvia Jones

8. Plaintiffs James and Sylvia Jones reside at 167 Mount Hope St., Roslindale, MA 02131. They jointly own the property.

9. On or about June 4, 2004, Plaintiffs Jones obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiffs Jones received or signed the following documents:

   1. A note in the principal amount of $248,400.00;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 4;
   5. A One Week Cancellation Period form; attached as Exhibit 5; and
   6. A HUD-1 Settlement Statement.

11. On or about September 26, 2007, Plaintiffs Jones exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

### Facts Pertaining To Plaintiffs Milton and Marlene Ramalho

12. Plaintiffs Milton and Marlene Ramalho reside at 27 Willis St., Framingham, MA 01702.

13. On or about August 3, 2005, Plaintiffs Ramalho obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

14. In connection with the transaction, Plaintiffs Ramalho signed the following documents:

   1. A note in the principal amount of $137,050.00;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 7;
   5. A One Week Cancellation Period form; attached as Exhibit 8; and
   6. A HUD-1 Settlement Statement.

15. On or about June 6, 2007 Plaintiffs Ramalho exercised their extended right to

rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

### DEFENDANT

16. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 1200, Orange, CA 92868.

17. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

18. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

19. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

### COUNT I - TRUTH IN LENDING ACT/ MCCDA

20. Plaintiffs incorporate ¶¶ 1-19 as if fully set out herein.

21. Because the refinance transactions referenced herein were secured by the Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this**

section. (15 U.S.C. § 1635(a).)

22. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and onspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

### DEFECTIVE NATURE OF DISCLOSURES

23. In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts for (without limitation) the following reasons:

**Failure To Deliver Completed Notices Of The Right To Rescind As To Plaintiffs Woodbury**

**and Jones**

24. The copies of the notice of right to cancel actually delivered to Plaintiffs Woodbury and Jones referenced herein were defective and in violation fo Regulation Z and it's Massachusetts counterpart in that they did not specify the date of the transaction and the date of the expiration of the rescission period in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterpart.

### Failure To Deliver "two copies" Of The Notice Of The Right To Rescind As To Plaintiff Marlene Ramalho

25. Though Plaintiff, Marlene Ramalho was an owner to the property subject to the refinance transaction referenced herein, she was not provided her own two copies of the notice of right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts.

### Notices Confusing Where Less Than All Owners Are Obligated As To Plaintiff Milton Ramalho

26. The Notices of Right To Cancel generated by the Defendant in connection with the Plaintiffs' Ramalho mortgage loans (See <u>Exhibit 7</u>) are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

27. The top of the Notices of Right To Cancel is addressed to "Borrower(s)." The text of the notice is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above next to 'Borrower(s)". The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for the

Plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "Borrower."

28. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice to be delivered that unequivocally tells each such person that they have the right to cancel.

### "One Week" Form as To All Plaintiffs

29. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterpart.

30. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

31. Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

32. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

33. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar #629056
Claude Lefebvre, Christopher Lefebvre P.C.
Chris@Lefeblaw.com
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre