# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHERINE WOODBURY, JAMES and SYLVIA JONES, MILTON and MARLENE RAMALHO, and JOSEPH D. and JACQUELINE J. DONNELLY,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>    Defendant. | C.A. NO. 07-11954-NMG |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Plaintiffs.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1.  Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2.  Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the venue is proper in this district.

## PARTIES AND FACTS

### Facts Relating To Plaintiff Katherine Woodbury

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about January 22, 2004, Plaintiff Katherine Woodbury became the obligor and mortgagor under a certain note and mortgage on property located at 7 Eisenhower Drive, Cotuit, Massachusetts 02635. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that Plaintiff Woodbury received or signed certain documents, including but not limited to, a Note in the principal amount of $145,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 3 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Woodbury has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 7 of the Complaint.

**Facts Relating To Plaintiffs James and Sylvia Jones**

8. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Ameriquest admits that on or about June 4, 2004, Plaintiffs James and Sylvia Jones became obligors and mortgagors under a certain note and mortgage on property located at 167 Mount Hope Street, Roslindale, Massachusetts 02131.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that Plaintiffs Jones received or signed certain documents, including but not limited to, a Note in the principal amount of $248,400.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content.  Ameriquest denies that Plaintiffs Jones have an extended right to rescission and denies that their purported exercise of any such right is valid.  Ameriquest denies the remaining allegations set forth in paragraph 11 of the Complaint.

**Facts Relating To Plaintiffs Milton and Marlene Ramalho**

12. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits that on or about August 3, 2005, Plaintiffs Milton and Marlene Ramalho became obligors and mortgagors under a certain note and mortgage on property located

at 27 Willis Street, Framingham, Massachusetts 01702.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14.     Ameriquest admits that Plaintiffs Ramalho received or signed certain documents, including but not limited to, a Note in the principal amount of $137,050.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15.     Ameriquest admits that it received the document, a copy of which is attached as Exhibit 8 to the Complaint and that the document speaks for itself as to its content.  Ameriquest denies that Plaintiffs Ramalho have an extended right to rescission and denies that their purported exercise of any such right is valid.  Ameriquest denies the remaining allegations set forth in paragraph 15 of the Complaint.

### Facts Relating To Plaintiffs Joseph D. and Jacqueline J. Donnelly

16.     Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Ameriquest admits that on or about October 21, 2004, Plaintiffs Joseph D. and Jacqueline J. Donnelly became obligors and mortgagors under a certain note and mortgage on property located at 442 Irene Street, Chicopee, Massachusetts 01020.  Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18.     Ameriquest admits that Plaintiffs Donnelly received or signed certain documents, including but not limited to, a Note in the principal amount of $176,400.00, a Mortgage, a Truth-

In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Donnelly have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 19 of the Complaint.

## **DEFENDANT**

20. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

22. Paragraph 22 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

23. Ameriquest denies the allegations set forth in paragraph 23 of the Complaint.

## **COUNT I – TRUTH-IN-LENDING ACT**

24. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-23 above.

25. Paragraph 25 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statutes referenced in paragraph 25 speak for themselves as to their content.

26. Paragraph 26 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the regulations referenced in paragraph 26 speak for themselves as to their content.

27. Ameriquest denies the allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest denies the allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest denies the allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest denies the allegations set forth in paragraph 30 of the Complaint.

31. The Notices of Right to Cancel speak for themselves as to their content. Otherwise, Ameriquest denies the allegations set forth in paragraph 31 of the Complaint.

32. Paragraph 32 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statute referenced in paragraph 32 speaks for itself as to its content.

33. Ameriquest denies the allegations set forth in paragraph 33 of the Complaint.

34. Ameriquest denies the allegations set forth in paragraph 34 of the Complaint.

35. Paragraph 35 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statute referenced in paragraph 35 speaks for itself as to its content.

36. Ameriquest denies the allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest denies the allegations set forth in paragraph 37 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence role.

### SIXTH AFFIRMATIVE DEFENSE

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which Ameriquest is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. or the MCCDA are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. or the MCCDA are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claim of Katherine Woodbury must be dismissed for failure to join an indispensable party, David E. Woodbury.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

A.　Enter judgment in its favor on all counts of the Complaint;

B.　Dismiss the Complaint with prejudice;

C.　Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

D.　Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against each and every Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Katherine Woodbury resides in Cotuit, Massachusetts and, on or about January 22, 2004, she obtained a residential mortgage loan from Ameriquest in connection with property located at 7 Eisenhower Drive, Cotuit, Massachusetts. On or about September 26, 2007, Plaintiff Woodbury sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA.

3. Upon information and belief, Plaintiffs James and Sylvia Jones reside in Roslindale, Massachusetts and, on or about June 4, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 167 Mount Hope Street, Roslindale, Massachusetts. On or about September 26, 2007, Plaintiffs Jones sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA.

4. Upon information and belief, Plaintiffs Milton and Marlene Ramalho reside in Framingham, Massachusetts and, on or about August 3, 2005, they obtained a residential mortgage loan from Ameriquest in connection with property located at 27 Willis Street, Framingham, Massachusetts. On or about June 6, 2007, Plaintiffs Ramalho sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA.

5. Upon information and belief, Plaintiffs Joseph D. and Jacqueline J. Donnelly reside in Chicopee, Massachusetts and, on or about October 21, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 442 Irene Street, Chicopee, Massachusetts.  On or about October 21, 2007, Plaintiffs Donnelly sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA.

6. All Plaintiffs have filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiffs' rescission periods expired in connection with the subject loans.

7. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z § 226.23.

## COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

8. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-7 above.

9. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between Ameriquest and each and every Plaintiff regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23 or MCCDA.

10. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

11. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

12. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

## RELIEF REQUESTED

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that, alternatively, any such rescissions should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

> AMERIQUEST MORTGAGE COMPANY
>
> By Its Attorneys,
>
> PARTRIDGE SNOW & HAHN LLP
>
> /s/ Steven E. Snow
> Steven E. Snow (BBO #554167)
> 180 South Main Street
> Providence, RI 02903
> (401) 861-8200
> (401) 861-8210 FAX
> ses@psh.com

DATED: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Massachusetts using the CM/ECF System. The following participants have received notice electronically:

> Christopher M. Lefebvre, Esq.
> Claude Lefebvre, Esq.

> /s/ Steven E. Snow

960011_1/7511-13

11