**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Katherine Woodbury, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 08-00738 | |

**DEFENDANT HSBC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant HSBC MORTGAGE SERVICES, INC. ("Defendant"), by and through its attorneys, answers Plaintiffs KATHERINE WOODBURY, JAMES and SYLVIA JONES, MILTON and MARLENE RAMALHO, JOSEPH and JACQUELINE J. DONNELLY ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.      This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32 (hereinafter "MCCDA")

**ANSWER:**      **Defendant admits that Plaintiffs have filed a lawsuit. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226 or any state law. Defendant denies all remaining allegations of paragraph 1.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640

(TILA), and 28 U.S.C. §§1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337

(interstate commerce).

**ANSWER:    Defendant does not dispute subject matter jurisdiction.  Defendant denies all remaining allegations of paragraph 2.**

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (e) because

Defendant does business in this District.  Defendant is therefore deemed to reside in this District

under 28 U.S.C. § 1391(c).

**ANSWER:    Defendant does not dispute venue.  Defendant denies all remaining allegations of paragraph 3.**

## PARTIES AND FACTS

### Facts Pertaining To Plaintiff Katherine Woodbury

4.      Plaintiff Katherine Woodbury resides at 7 Einsehower Drive, Cotui, MA 02635.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.      On or about January 22, 2004, Plaintiff Woodbury obtained a loan from

Ameriquest, secured by her residence, for the purpose of debt consolidation.  All of the proceeds

of the loan were used for personal, family or household purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6.      In connection with the transaction, Plaintiff Woodbury received or signed the

following documents:

1.      A note in the principal amount of $145,000.00;

2.      A mortgage;

3.      A Truth in Lending statement;

4.      A notice of right to cancel, attached as <u>Exhibit 1</u>;

5.      A One Week Cancellation Period form; attached as <u>Exhibit 2</u>; and

6.      A HUD-1 Settlement Statement.

**<u>ANSWER</u>:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7.      On or about September 26, 2007, Plaintiff Woodbury exercised her extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A Copy of the notice is attached as <u>Exhibit 3</u>.

**<u>ANSWER</u>:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

**Facts Pertaining To Plaintiffs James and Sylvia Jones**

8.      Plaintiffs James and Sylvia Jones reside at 167 Mount Hope St., Roslindale, MA 02131.  They jointly own the property.

**<u>ANSWER</u>:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9.      On or about June 4, 2004, Plaintiffs Jones obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

**<u>ANSWER</u>:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10.     In connection with the transaction, Plaintiffs Jones received or signed the following documents:

1.      A note in the principal amount of $137,050.00;

    2.       A mortgage;

    3.       A Truth in Lending statement;

    4.       A notice of right to cancel, attached as <u>Exhibit 7</u>;

    5.       A One Week Cancellation Period faint; attached as <u>Exhibit 8</u>; and

    6.       A HUD-1 Settlement Statement.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11.      On or about September 26, 2007, Plaintiffs Jones exercised their extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A Copy of the notice is attached as <u>Exhibit 6</u>.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

**Facts Pertaining To Plaintiffs Milton and Marlene Ramalho**

12.      Plaintiffs Milton and Marlene Ramalho reside at 27 Willis St., Framingham, MA 01702.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13.      On or about August 3, 2005, Plaintiffs Ramalho obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.      In connection with the transaction, Plaintiffs Ramalho signed the following documents:

1.      A note in the principal amount of 5137,050.00;

2.      A mortgage;

3.      A Truth in Lending statement;

4.      A notice of right to cancel, attached as <u>Exhibit 7</u>;

5.      A One Week Cancellation Period faint; attached as <u>Exhibit 8</u>; and

6.      A HUD-1 Settlement Statement.

**<u>ANSWER</u>:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15.      On or about June 6, 2007 Plaintiffs Ramalho exercised their extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A Copy of the notice is attached as <u>Exhibit 9</u>.

**<u>ANSWER</u>:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

### DEFENDANTS

16.      Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 1200, Orange, CA 92868.

**<u>ANSWER</u>:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17.      Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**<u>ANSWER</u>:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     Ameriquest is therefore a creditor as defined in TILA and implementing Federal

Reserve Board Regulation Z.

**ANSWER:**     **Because paragraph 18 states a legal conclusion, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19.     Ameriquest is what is commonly known as a "subprime" lender, targeting persons

who have or who believe they have impaired credit.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     Defendant AMC Mortgage Services, Inc., is a foreign corporation which does

business in Massachusetts.  It is an affiliate of Ameriquest.  Its registered agent and office are

National Registered Agents, Inc., 303 Congress Street, 2nd. Floor, Boston, MA 02110.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21.     Defendant AMC Services, inc., an affiliate of Ameriquest Mortgage Company,

services loans originated by Ameriquest Mortgage Company, and claims an interest in such

loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22.     Defendant Deutsche Bank National Trust Company, N.A., is a national banking

association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California

92705.  On information and belief, it holds legal title to Plaintiffs James and Sylvia Jones, Milton

and Marlene Ramalho, and Joseph D. and Jacqueline J. Donnelly's loans as trustee.  It is joined

as a necessary and indispensable party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23.    Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, Including some of Plaintiffs' . It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24.    Defendant HSBC Mortgages Services, Inc. is a foreign corporation which does business in Massachusetts.  Its registered agent and office are CT Corporation System, 155 Federal Street, Ste. 700, Boston, MA 02110.  Upon information and belief that it holds legal title to Plaintiff Katherine Woodbury's loan originated by Ameriquest.  It is joined as a necessary and indispensable party.

**ANSWER:** **Defendant admits that it is a Delaware corporation.  Defendant does not dispute service.  Defendant that it currently services the Woodbury loan, an don that basis is entitled to receive payments.  Defendant denies that it holds legal title to the Woodbury loan.  Defendant admits that the investor in the Woodbury loan is HFC III.  Defendant denies any remaining allegations of Paragraph 24.**

## COUNT I - TRUTH IN LENDING ACT/ MCCDA

25.    Plaintiffs incorporate ¶¶ 1-24 as if fully set out herein.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-24 in response to this paragraph.**

26.    Because the refinance transactions referenced herein were secured by the Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635, Regulation

Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts.  More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.  (15 U.S.C. § 1635(a).)**

**ANSWER:**  **Because Paragraph 26 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

27.    Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and [sic] onspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.  More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)).  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)    The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)   The consumer's right to rescind the transaction.**
>
> **(iii)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)   The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v)    The date the rescission period expires.  (12 C.F.R. § 226.23(b)(1).)**

**ANSWER:**    Because Paragraph 27 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## DEFECTIVE NATURE OF DISCLOSURES

28.    In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts for (without limitation) the following reasons:

**ANSWER:**    Because Paragraph 28 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

### Failure To Deliver Completed Notices Of The Right To Rescind As To Plaintiffs

### Woodbury and Jones

29.    The copies of the notice of right to cancel actually delivered to Plaintiffs Woodbury and Jones referenced herein were defective and in violation [sic] fo Regulation Z and it's Massachusetts counterpart in that they did not specify the date of the transaction and the date of the expiration of the rescission period in violation of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. §226.23 and ifs Massachusetts counterpart.

**ANSWER:**    Because Paragraph 29 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

### Failure To Deliver "two copies" Of The Notice Of The Right To Rescind As To Plaintiff Marlene Ramalho

30.    Though Plaintiff, Marlene Ramalho was an owner to the property subject to the refinance transaction referenced herein, she was not provided her own two copies of the notice of right to cancel in violation of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterparts.

**ANSWER:**     Because Paragraph 30 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

**Notices Confusing Where Less Than All Owners Are Obligated As To Plaintiffs Ramalho**

31.     The Notices of Right To Cancel generated by the Defendant in connection with the Plaintiffs' Ramalho mortgage loans (See <u>Exhibit 7</u>) are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note.  The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:**     Because Paragraph 31 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

32.     The top of the Notices of Right To Cancel is addressed to "Borrower(s)."  The text of the notice is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above next to 'Borrower(s)".  The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document.  While there are signature lines for the Plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "Borrower."

**ANSWER:**     The referenced document speaks for itself, therefore, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

33.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice to be delivered that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     Because Paragraph 33 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

**"One Week" Form as To All Plaintiffs**

34.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and its Massachusetts counterpart.

**ANSWER:     Because Paragraph 34 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

35.     Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.  Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:     Because Paragraph 35 states legal conclusions, no answer is required, if an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.**

36.     Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**ANSWER:     Because Paragraph 36 states legal conclusions, no answer is required, if an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.**

37.     15 U.S.C, § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:     Because Paragraph 37 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

38.    The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:    Because Paragraph 38 states legal conclusions, no answer is required, if an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1.    A declaration that Plaintiffs are entitled to rescind;

2.    Rescission of the loans;

3.    Statutory damages;

4.    Attorney's fees, litigation expenses and costs.

5.    Such other relief as the Court deems appropriate.

**ANSWER:    No answer is required.  If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to damages.**

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.      Dismiss plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and

appropriate.


                                        Respectfully submitted,

DATED:  September 5, 2008               By:  /s/ Bernard E. LeSage
                                             *Attorneys for HSBC Mortgage Services, Inc.*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 5th day of September 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:    _____/s/  Connie Madrigal_____